UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA      :

    v.                      :    Crim. No. 00-0105(PLF)
                                       Civil Action No. 05-0555

BYRON MCDADE             :


<u>MOTION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY</u>

Byron McDade, by and through his attorney Christopher M. Davis, hereby

moves this Honorable Court for a Certificate of Appealability.  In support, Mr.

McDade states the following.

<u>PROCEDURAL AND FACTUAL BACKGROUND</u>

On August 9, 2001, Mr. McDade was charged via a third superseding

indictment with one count of conspiracy to distribute and possess with intent to

distribute five kilograms of cocaine.

A jury trial commenced on February 4, 2002.  The main witnesses against

McDade were two co-defendants, Phyllis Webster and Ernest Minder.  On

February 25, 2002, the jury returned a verdict of guilty.  On May 29, 2002, the

Court sentenced Mr. McDade, pursuant to the then mandatory U.S. Sentencing

Guidelines, to a 324 months imprisonment.

A timely notice of appeal was filed.  On September 16, 2003, the U.S.

Court of Appeals for the D.C. Circuit affirmed the conviction.  Petitions for

Rehearing and Rehearing en Banc were denied on November 20, 2003.  The

Supreme Court of the United States denied McDade's Petition for Writ of Certiorari on March 8, 2004.

On March 7, 2005, Mr. McDade filed a motion pursuant to 28 U.S.C. § 2255. In that motion, the defendant claimed that the sentence imposed violated *United States v. Booker*, 543 U.S. 220 (2005) because the sentence imposed was, in part, based on facts not found by the jury beyond a reasonable doubt. The defendant also asserted that appellate counsel was ineffective for failing to challenge his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). On April 8, 2005, Mr. McDade filed an amended motion claiming that his trial counsel was ineffective because he failed to interview and present testimony from three witnesses who would have contradicted, at least in part, the testimony of the main government witnesses.

On January 4, 2006, the Court denied the defendant's initial Section 2255 motion but ordered the Government to respond to the arguments concerning trial counsel's ineffective performance. Since the Court could not make a determination of the remaining claims based on the transcripts of the trial, an evidentiary hearing was held on January 15, 2008. Following the hearing, the Court requested that supplemental memoranda be filed. On August 5, 2009, the motion for relief pursuant to § 2255 was denied. Mr. McDade now submits this request for an issuance of a certificate of appealability.

THE EVIDENTIARY HEARING

Mr. McDade testified that he retained Larry Nathans to represent him. He stated that he told Mr. Nathans that two individuals, Rodney Douglas and David

Flowers, saw Ernest Minder in the jail.  Mr. Minder told Douglas and Flowers that

he did not know McDade.  Both Douglas and Flowers told McDade that they

would sign affidavits to that effect. [1]  Mr. McDade also testified that he reviewed

the discovery provided by the Government.  In the discovery he saw that Ms.

Webster stated that Kent Robinson bought drugs from her and sold them to

McDade.  Webster also stated that eventually she began dealing directly with

McDade.  Mr. McDade told Mr. Nathans that Mr. Robinson would come to court

and testify that what Ms. Webster said was not true.  During trial, when Ms.

Webster testified that Kent Robinson got drugs from her and sold them to

McDade, McDade again told Mr. Nathans that Robinson would testify that

Webster's testimony was not truthful. Robinson never testified. [2]

Larry Nathans testified that his approach at trial was to show that the

cooperating witnesses were lying and that Ms. Webster was controlling the

cooperating witnesses and making the defendant the fall guy.  Mr. Nathans

testified that Flowers and Douglas would not be good witnesses because there

would be nothing to be gained by their testimony.  First, a lot of people would be

able to establish that Mr. McDade knew Mr. Minder.  Second, it is not unusual for

cooperating witnesses to deny to other inmates that they know the people

against whom they are going to testify. [3]

Mr. Nathans also testified that prior to trial he and Mr. McDade discussed

Mr. Robinson.  The Government wanted Mr. McDade to cooperate against

---

[1] Tr. 1/15/08 pp. 14-20.
[2] *Id.* pp. 22-24.
[3] *Id.* pp. 44-49.

Robinson, an alleged unindicted conspirator, but McDade refused to do so.  Mr. Nathans testified that his notes reflected that Mr. McDade did not want to call Robinson as a witness.  Mr. Nathans did not recall Mr. McDade telling him in trial that he wanted to call Robinson.  He did not have his trial notes because they had been turned over to Mr. McDade's wife.  Mr. Nathans never interviewed Robinson because he had no information that Robinson had anything helpful to say. [4]

Kent Robinson testified that he was never contacted by anyone.  He testified that if he had been called as a witness he would have testified that he did not introduce the defendant to Ms. Webster.  Robinson also testified that he never supplied the defendant with drugs and the defendant never supplied him with drugs.  Ultimately, Mr. Robinson testified that the only question he would have answered was whether he introduced the defendant to Webster and he would have invoked his Fifth Amendment rights as to every other question. [5]

<u>The Court's Ruling</u>

The Court ruled that counsel's failure to not pursue the testimony of Douglas and Flowers was not objectively unreasonable.  The Court did find, on the other hand, that counsel's failure to pursue Kent Robinson was not objectively reasonable.  However, the Court went on to hold that trial counsel was not constitutionally ineffective because "Robinson's absence did not prejudice the outcome of the trial." [6]

---

[4] *Id.* pp. 58-62; 73.
[5] *Id.* pp. 102-108.
[6] Opinion p. 13 (DOC 365).

ARGUMENT

    A.  Standard for Issuance of a Certificate of Appealability

    "The writ of habeas corpus plays a vital role in protecting constitutional rights."  *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  A COA should issue when the applicant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253©(2).  In this case, Mr. McDade argued that trial counsel's performance was ineffective because he failed to interview Mr. Robinson and call him as a witness at trial.  As noted, this Court found that counsel's performance fell below an objective standard of reasonableness but that the outcome of the trial would not have been different.

    B.  The Court Required a Stricter Standard to Establish Prejudice Than Otherwise Required

    To prevail on a claim of ineffective assistance of counsel, a defendant bears the burden of satisfying the two-pronged test articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 688, 694 (l984): (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. The governing legal standard plays a critical role in defining the question to be asked in assessing the prejudice from counsel's errors. *Id*.  When a defendant challenges a conviction, the question is whether there is a reasonable probability

that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt. *Id.*, at 695. In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the jury. *Id.* "Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect." *Id.* Moreover, a verdict only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. A court making the prejudice determination must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors. *Id.*, 695 - 96.

The Government argued that Mr. McDade's conviction was based upon a "comprehensive and compelling case," -- a case built primarily on the trial testimony of its key government cooperating witnesses, Webster and Minder. Gov't. Supp., (DOC 363) p. 43. Yet, there was no overwhelming physical evidence connecting petitioner to the charged conspiracy and the credibility of the government cooperating witnesses was highly suspect.

Mr. McDade submits that in addressing his constitutional claim of ineffective counsel, this Court's prejudice inquiry required a heavier strict outcome-determinative burden, rather than the lower preponderance of evidence/ reasonable probability burden. While the correct standard initially was set forth in the Opinion, the Court's analysis focused on whether "the decision not to conduct an investigation of or interview Robinson affect[ed] the outcome of the trial,"

rather than determining whether there was "a reasonable probability" that counsel's performance affected the outcome of the trial.  Because the case against McDade was far from overwhelming, he submits that he has shown that there was a reasonable probability that the outcome of the trial would have been different had Robinson testified.

When the adjudication of a constitutional claim could or should be found debatable, been resolved in a different manner, or deserves encouragement to proceed further, a COA should issue. *Slack v. McDaniel*, 529 U.S. at 484.   Mr. McDade submits that he has met the requirements of *Slack* and that he is entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, a certificate of appealability should issue to allow Mr. McDade to appeal this Court's denial of his § 2255 motion.

Respectfully submitted,

/s/_____
Christopher M. Davis #385582
Counsel for Byron McDade

Davis & Davis
514 10th Street, NW – 9th Floor
Washington, DC 20004
202.234.7300

## CERTFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Motion was served upon Sherri L. Berthrong, AUSA, via the Court's ECF System, on this 1st day of December, 2009.

/s/_____
Christopher M. Davis