UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 00-0105 (PLF) |
| v. | : | Civil No. 05-0555 (PLF) |
| | : | |
| BYRON MCDADE, | : | |
|     Defendant | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTIONS
FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files its opposition to the defendant's motions for issuance of a certificate of appealability ("COA"). The defendant seeks leave to appeal the Court's Order denying his § 2255 motion that sought to vacate his conviction for conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing cocaine. The defendant has failed to make the necessary "substantial showing of the denial of a constitutional right" required by 28 U.S.C. § 2253 (c)(2), and his requests for a certificate of appealability should be summarily denied.

**PROCEDURAL HISTORY**

On February 25, 2002, a jury found the defendant guilty of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. This Court sentenced the defendant on May 29, 2002, to a term of imprisonment of 324 months, followed by a five-year term of supervised release. The defendant noted a timely appeal on June 5, 2002.

On appeal, the defendant argued that his conviction was not supported by sufficient evidence, the prosecutor's remarks during closing argument constituted reversible error, and that

-1-

the Court erred in concluding, for purposes of calculating the defendant's sentencing range, that the defendant was a manager or supervisor in the conspiracy under the U.S. Sentencing Guidelines § 3B1.1.  The United States Court of Appeals for the District of Columbia Circuit affirmed the judgment of the Court.  United States v. McDade, 2003 WL 22204126 (D.C. Cir. 2003) (per curiam).  The defendant filed a petition for a writ of certiorari, which was denied on March 8, 2004.  McDade v. United States, 541 U.S. 911 (2004).

On March 7, 2005, the defendant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  In that motion, the defendant asserted the following two legal arguments: (1) the sentence the Court imposed violated the defendant's constitutional rights because the Court based its sentence, in part, on facts that the jury did not find beyond a reasonable doubt, relying on United States v. Booker, 543 U.S. 220 (2005); and (2) the defendant received ineffective assistance from his appellate counsel because appellate counsel did not challenge the validity of the defendant's sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000).  On April 8, 2005, the defendant filed an amended Section 2255 motion that asserted the following additional argument that was not addressed in his March 7, 2005 motion: the defendant received ineffective assistance from trial counsel because trial counsel purportedly failed to interview and present the testimony of three potential defense witnesses.  The United States filed a memorandum in opposition to the defendant's Section 2255 motion on July 22, 2005.

In a memorandum opinion and order dated January 4, 2006, this Court summarily denied the defendant's challenge to his sentence under United States v. Booker, 543 U.S. 220 (2005), and the defendant's claim that appellate counsel provided ineffective assistance.  However, the Court directed the United States to file a supplemental brief addressing the factual merits of the

defendant's ineffective assistance of trial counsel claim. The United States filed its supplemental opposition on February 6, 2006.

An evidentiary hearing on the defendant's ineffective assistance of trial counsel claim was held before the Court on January 15, 2008, at which the defendant presented the testimony of himself and Kent Robinson, and the United States presented the testimony of the defendant's trial counsel, Larry Nathans. Following the hearing, the defendant submitted his supplemental memorandum on April 23, 2008, and the government filed its supplemental memorandum on May 21, 2008. On August 5, 2009, the Court issued an Order and Memorandum Opinion denying the defendant's § 2255 motion. See Exhibit A (Order and Opinion dated 8/5/09).

On December 1, 2009, the defendant, through counsel, filed a motion for issuance of a certificate of appealability and, on January 5, 2010, the defendant filed a pro se petition for a certificate of appealability so that he may appeal the Court's August 5, 2009 denial of his § 2255 motion. His requests should be summarily denied.

**ARGUMENT**

**A.      Legal Standard**

An appeal may not be taken from an order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). If the court determines that a certificate of appealability should issue, the court must state the reasons for granting the certificate. 28 U.S.C. § 2253(c)(3). A certificate of appealability will issue "only if the defendant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also United States v. Vargas, 393 F.3d 172, 175 (D.C. Cir. 2004), cert. denied, 546 U.S. 1011 (2005). To make this "substantial showing," the defendant must "demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Tennard v. Dretke, 542 U.S. 274, 282 (2004) ("petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); United States v. Mitchell, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)) (a defendant must show that the constitutional "issues are debatable among jurists of reason. . ."). If the defendant fails to make this showing, the request for a certificate of appealability ("COA") must be denied. See, e.g., United States v. Weaver, 195 F.3d 52, 53 (D.C. Cir. 1999) ("The district court is to issue a COA only if the applicant has made 'a substantial showing of the denial of a constitutional right.'"); United States v. Burch, 156 F.3d 1315, 1329 (D.C. Cir. 1998) (upholding denial of COA where defendant "failed to make a substantial showing of the denial of any constitutional right"), cert.denied, 526 U.S. 1011 (1999); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997) (COA denied because defendant "failed to satisfy this burden").

In support of his petitions, the defendant claims that the Court erred in denying his claim that his trial counsel rendered ineffective assistance of counsel. As such, the Court must review his claim under the two part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that his counsel's errors were "so serious that [his] counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 686. Second, the defendant must also show that he was prejudiced, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. The Court need not address both prongs of the Strickland test if the

defendant fails to satisfy one of them. Id. at 697.

**B.     Defendant's Claims Are Without Merit**

In his applications, the defendant again claims that his counsel was ineffective for failing to interview and present the testimony of David Flowers, Rodney Douglas, and Kent Robinson and further claims that the Court did not utilize the proper standard when analyzing the prejudice prong of the Strickland standard. None of these claims have merit, and thus the defendant has failed to make a substantial showing of a denial of a constitutional right.

The defendant in his petition merely reiterates his claim that trial counsel was ineffective for failing to interview and present the testimony of David Flowers, Rodney Douglas and Kent Robinson. After the evidentiary hearing, the Court determined that trial counsel's decision not to present the testimony of David Flowers, Rodney Douglas and Kent Robinson and to not interview David Flowers and Rodney Douglas was not objectively unreasonable and therefore counsel's actions were not deficient. See Exhibit A at pp. 7, 9-10. The Court further determined that "[i]n the context of the trial record as a whole, Mr. Nathan's performance did not violate the first prong of Strickland." Id. at p. 8. (emphasis in original). This determination was based, in part, on the Court's view of the credibility of Mr. Nathan and the defendant. Id. at p. 9. The Court's credibility determinations are entitled to deference. See United States v. Barnhart, 2001 WL 1154546, *1 (D.C. Cir. Aug. 17, 2001) (denying request for COA and noting that the "district court's determination that [defendant] did not ask her attorney to file a notice of appeal after consultation is entitled to deference"). Because the Court found that Mr. Nathan's decision to not present the testimony of Flowers and Douglas was based on a reasonable strategic decision and not objectively unreasonable, the Court did not analyze the second prong of prejudice as to

Flowers and Douglas.  Id. at 9-10.

While the Court found that Mr. Nathan's overall performance was not deficient and that counsel was not deficient for failing to present the testimony of Kent Robinson, the Court found that counsel was deficient for failing to interview Kent Robinson. See Exhibit A at pp. 11-12. Accordingly, the Court then analyzed whether counsel's failure to interview Kent Robinson met the prejudice prong of Strickland.  Id. at p. 12.  Contrary to the defendant's claim, the Court properly assessed this claim under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984).  The Court repeatedly cited to Strickland throughout its opinion and correctly stated that, in order to establish prejudice, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would be different."  Id. at p. 4.  Thus, the Court clearly set forth the proper standards as articulated in Strickland under which it analyzed the defendant's claim of ineffective assistance of counsel.  Id. at pp. 4-5.  After analyzing the government's evidence and the limited nature of Robinson's testimony, the Court properly concluded that failing to present Robinson's testimony did not meet the prejudice prong of Strickland.  Id. at pp. 12-13.  The Court's analysis of the defendant's claims were correctly analyzed under the principles set forth in Strickland and the Court's factual findings are fully supported by the trial record and by the testimony of the defendant's trial counsel at the evidentiary hearing.  Accordingly, the defendant has failed to make the necessary "substantial showing of the denial of a constitutional right."

The United States presented a comprehensive and compelling case against the defendant, demonstrating the defendant's role in the cocaine distribution conspiracy through wiretap evidence, and through the testimony of Webster, Minder, Miles and Ashe.  The United States

also presented evidence demonstrating that the defendant was conscious of his guilt in the conspiracy, as the defendant fled when law enforcement personnel went to his workplace to arrest him, and remained a fugitive for seven months.  Given that collection of evidence, the defendant has not and cannot show a reasonable probability that the outcome of the trial would have been different had trial counsel taken the steps the defendant now claims were necessary.  See, e.g., United States v. Weaver, 234 F.3d 42, 48 (D.C. Cir. 2000) (affirming district court's summary denial of § 2255 motion because defendant did not demonstrate prejudice, because the strength of the government's case would have remained unchanged had trial counsel impeached a particular witness more extensively); United States v. Debango, 780 F.2d 81, 85 (D.C. Cir. 1986) (ineffective assistance of trial counsel claim failed because the evidence against the defendant was compelling, and the defendant failed to show a reasonable probability that outcome of the trial would have been different had trial counsel interviewed two potential witnesses).

For the foregoing reasons and for the reasons articulated in the government's opposition to the defendant's § 2255 motion, the defendant's allegations concerning his counsel's alleged deficiencies are without merit.  The defendant has failed to prove any facts that would support the conclusion either that "counsel's representations fell below an objective standard of reasonableness," i.e., "prevailing professional norms," or that he suffered any prejudice as a result of counsel's alleged deficiencies.  Hence, the defendant has not made a substantial showing that "reasonable jurists" would find the Court's denial of his ineffective of trial counsel claim debatable or wrong.

## **CONCLUSION**

For the reasons set forth above, the defendant has failed to make a substantial showing of

a denial of a constitutional right. Therefore, the government respectfully requests that the defendant's motions for issuance of a certificate of appealability be summarily denied.

    Respectfully submitted,

    RONALD C. MACHEN Jr.
    United States Attorney
    D.C. Bar Number 447-889

    /s/ Robert D. Okun
    ROBERT D. OKUN
    Assistant United States Attorney
    Chief, Special Proceedings Division
    D.C. Bar Number 457-078

    /s/ Sherri L. Berthrong
    SHERRI L. BERTHRONG
    Assistant United States Attorney
    D.C. Bar No. 249-136
    Sherri.Berthrong@usdoj.gov
    Special Proceedings Division
    555 4th Street, N.W., Room 10-450
    Washington, D.C. 20530
    (202) 514-6948

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the United States' Opposition has been filed electronically with the Court and Christopher M. Davis, Esq. and served by mail upon the defendant, Byron McDade, Fed. Reg. No. 23830-016, FCI Loretto, Federal Correctional Institution, P.O. Box 1000, Loretto, PA, 15940, this 25th day of February, 2010.

    /s/ Sherri L. Berthrong
    Sherri L. Berthrong
    Assistant United States Attorney