Byron McDade
U.S.M.# 23830-016
FCI Loretto
Post Office Box 1000
Loretto, PA 15940

**FILED**

MAR - 9 2010

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Let this be filed*
*PLF*
*3/9/10*

Copies to: Judge
AUSA - Special Proceedings
Dft.

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BYRON MCDADE, )
    Petitioner, Pro Se, ) CIV. ACTION NO. 05-0555 (PLF)
) [CRIM. ACTION NO. 00-0105 (PLF)]
)
-vs- )
)
)
UNITED STATES OF AMERICA, ) HONORABLE PAUL L. FRIEDMAN
    Respondent. ) UNITED STATES DISTRICT JUDGE
_____/

PETITIONER'S REPLY
TO UNITED STATES' OPPOSITION FOR
ISSUANCE FOR COA

COMES NOW the Petitioner Byron McDade, in propria persona, by and through the assistance of a prison legal journeyman[1], hereby respectfully files his reply to the United States opposition to petitioner's request for issuance of a certificate of appealability ("COA"). Thus, because Petitioner has made the requisite "substantial showing of the denial of a constitutional right," and that reasonable jurists could debate or agree whether the district court's assessment of the prejudice prong under his Sixth Amendment claim(s) was wrongly decided or debatable.

Petitioner hereby incorporates by reference his January 5, 2010, COA filing as if fully set forth herein.

---

[1] See Johnson v. Avery, 393 U.S. 483 (1969)(Petitioners are entitled to prisoner legal assistance in the preparation of their legal pleadings to access the courts).

A. REPLY

Respectively the Petitioner submits a timely reply and objection to the United States response in advocating for this Honorable Court to deny issuing petitioner's COA. The United States adversarial testing on this cause must fail.

Here in a misguided view, the United States urges that this Honorable Court deny petitioner's COA request arguing without support, that petitioner must satisfy the prongs of Strickland before a COA could be granted. See Gov't Op., pg. 7 ("The [petitioner] has failed to prove any facts that would support . [ineffective assistance of counsel]. Hence the [petitioner] has not made a substantial showing that "reasonable jurists" would find the Court's denial of his ineffective of trial counsel claim debatable or wrong "). Undeniably this reasoning is flawed and is without legal substance.

To be certain, the Supreme Court held in Slack v. McDaniel, 529 U.S. 473, 484 (2000), that to obtain a COA, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983).

Here, The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. During this inquiry, the reviewing Court look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that

2

resolution was debatable amongst jurist of reason. See Miller-El v. Cockrell, 537 U.S. 322 (2003). This "threshold inquiry" does not require full consideration of the factual or legal bases adduced in support of the claims. Id. at 336.

Advancing these legal principles, while granting a COA requires that Mr. McDade prove "something more than the absence of frivolity or the existence of mere 'good faith' on his part," therefore, it is established that Mr. McDade is not required to prove that his issue will prevail, in order to have his COA granted, that some jurists would grant the petition for habeas corpus. Id. at 338

In complying with § 2253, a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the [petitioner] "'has already failed in that endeavor'" Id. at 337 (citations omitted); See also, Graves v. Cockrell, 351 F.3d 143, 150 (5th Cir. 2003),

In further emphasizing its point, the Miller-El Court criticized the approach taken by the court of appeals and explained that the proper inquiry should have been whether the movant made a "substantial showing of the denial of a constitutional right" and not whether he ultimately had convinced the court of his right to prevail on the merits. Id. 342. The High Court reiterated that it was error to decide, in effect, the substance of an appeal in the context of considering an application for a COA, just as the United States seeks here by this Honorable Court.

With that in mind, the question, Miller-El Court considered,

as the Petitioner respectfully requests that this Honorable Court to consider, is the "debatablility of the underlying constitutional claim, not the resolution of that debate." Id. (emphasis added). See e.g., United States v. Martin, 226 F.3d 1042, 1046 (9th Cir. 2000), cert. denied, 532 U.S. 1002 (2001)(petitioner was eligible for COA because "petition raised a substantial constitutional issue" under "law as it stood when the petition was filed," even though "constitutional issue raised in his petition was ultimately resolved by the Supreme Court against his position"); Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000)("At this preliminary stage, we must be careful to avoid conflating the standard for gaining permission to appeal with the standard for obtaining a writ of habeas corpus. Indeed, the Supreme Court has cautioned that, in examining a petitioner's application to appeal from the denial of a habeas corpus petition, 'obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor.'" (quoting Barefoot, supra at 893 n.4).

Therefore, Petitioner posits that this Honorable Court should find that he has made a "substantial showing of the denial of a constitutional right" and that jurists of reasons could debate whether the resolution of his claim by this Honorable Court debatable or wrongly decided because as cited in the United States' response, this issue is similar to and distinguishable of the decision in United States v. Debango, 780 F.2d 81, 85 (D.C. Cir. 1986)(quoting Strickland and other cases, deciding the issues of whether counsel was ineffective for failing to

interview or investigate potential witnesses)(citations omitted). Gov't Res., at pg. 7. See e.g., Lozada v. Deeds, 498 U.S. 430, 431-32 (1991)(per curiam)("Court of Appeals erred denying [petitioner]... a certificate of probable cause because under the standards set forth in Barefoot... [petitioner] made a substantial showing that he was denied the right to effective assistance of counsel"; although district court concluded that "petitioner had not shown prejudice under the Strickland test," authority in other circuits demonstrates that this "issue... could be resolved in a different manner" because "at least two Courts of Appeals have presumed prejudice in this situation").

Here, Petitioner submits that the distinguishing factors in his case and the Court in Debango, is that:

In Debango, supra, the petitioner claimed ineffective assistance of counsel because: (1) counsel failed to interview or to call two witnesses, one of whom could have testified that he overheard Robinson, the informant, ask appellant to participate in the "Crime Solvers Program," Id., (2) counsel failed to locate Robinson, Id., and (3) There was no specific testimony provided that Robinson would provided had he be interview or aided in petitioner's defense. Id. at 86.

Thus, in the case at hand, Petitioner claim was based upon ineffective assistance counsel because: (1) counsel failed to investigate or interview three readily available potential defense witnesses, specifically, Robinson, Douglas and Flowers, (2) witnesses that were readily accessible, two of whom actually contacted defense counsel directly, namely, Flowers and Douglas,

5

and (3) testimony that would have been provided by said witnesses was set forth in their affidavits in support of petitioner's § 2255 and their testimony was material and would have aided in petitioner's defense by providing damaging impeachment testimony of the government's key witnesses Webster and Minder. Thereby, demonstrating that there's a "reasonable probability" that the outcome of the proceedings would have been different.

Indeed, no qualms were made by the United States as to these material facts in requesting that Petitioner's COA be denied, nor whether it is well established by the Supreme Court and all Circuit Courts of Appeals that in order to prove prejudice in ineffective assistance of counsel claims under Strickland, that the petitioner need only demonstrate a "reasonable probability" that, "but for counsel's unprofessional errors, the result of the proceedings would have been different," Id. at 694; See also, Debango, supra, at 85, not that an affirmative outcome would be definitively different, respectively.

Thus, because the United States reasoning that petitioner be denied a COA is misplaced and conflicts with the Supreme Court's standing in Miller-El, supra, this Honorable Court should grant a COA on petitioner's issue presented and grant any other equitable relief that it deems just and necessary because "jurists" of reason could debate whether a higher strict-outcome determinative standard was applied in considering prejudice under petitioner's ineffective claim, rather than the required "reasonable probability" standard, as set forth in Strickland. See Williams v. Taylor, 529 U.S. 362, 391-93 (2000)(requiring petitioners to

establish only a "reasonable probability" to prove prejudice)(quoting <u>Strickland</u>, 466 U.S. at 694).

WHEREFORE Petitioner prays that this Honorable issue an Order granting his COA request on the issue presented by petitioner.

                                    Respectfully submitted,

                                    By /s/ Byron McDade
                                    Byron McDade

Date: March 3, 2010

CERTIFICATE OF SERVICE

I, Byron McDade, hereby certify that I have hand delivered one true copy of the foregoing motion to FCI Loretto mailroom officials to be placed in the U.S. mails, to be forwarded to the following parties below, via postage prepaid, on this <u>4th</u> day of March 2010:

Sherri Berthrong, AUSA
Special Proceeding Division
555 4th Street, N.W. Room 10-450
Washington, D.C. 20530

District Clerk's Office
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, D.C. 20001

                                        Byron McDade, Pro Se,
                                        U.S.M.# 23830-016
                                        FCI Loretto
                                        Post Office Box 1000
                                        Loretto, PA 15940