UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 00-0105 (PLF) |
| ) | Civil Action No. 05-0555 |
| BYRON MCDADE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's motion for a certificate of appealability.[1] After careful consideration of the parties' papers, the relevant case law and statutes, and the entire history of this case, the Court will grant the motion and will issue a certificate of appealability.

In a proceeding brought under 28 U.S.C. § 2255 the applicant cannot take an appeal unless a circuit or a district judge first issues a certificate of appealability. See FED. R. APP. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Mr. McDade "need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve

---

[1] Defendant's appointed counsel filed a petition for a certificate of appealability on December 1, 2009. On December 9, 2009, defendant sent a letter to the Court requesting that the Court substitute a motion for a certificate of appealability that he had prepared, and attaching that motion. He also requests that the Court remove his appointed counsel. The Court concludes that defendant's *pro se* motion for a certificate of appealability more persuasively presents his case than does the motion prepared by counsel. Accordingly, it will deny as moot the motion for a certificate of appealability prepared by counsel.

the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" United States v. Mitchell, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

       The defendant was tried and convicted of one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. In his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 defendant raised multiple theories for relief, including the argument that his trial counsel was ineffective. After holding an evidentiary hearing on the defendant's ineffective assistance of trial counsel claim, the Court concluded that it was objectively unreasonable for trial counsel not to interview a potential defense witness, Kent Robinson. See United States v. McDade, 639 F. Supp. 2d 77, 84 (D.D.C. 2009). The Court determined that trial counsel's performance was not constitutionally ineffective, however, because the failure to interview Mr. Robinson did not prejudice the defendant. See id. at 85.

       The defendant seeks to appeal the Court's decision on the grounds that: (1) the Court did not properly assess the prejudice prong with regard to petitioner's ineffective assistance of counsel claim; and (2) petitioner's trial counsel did in fact provide ineffective assistance. See Petition For Issuance of Certificate of Appealability at 2. Defendant argues that although the Court stated the standard for the prejudice prong properly — that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. McDade, 639 F. Supp. 2d at 80 (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)) — the Court erred by failing to incorporate the "reasonable probability" standard into its analysis, and applied instead a heavier standard which

required defendant to show with some certainty that the outcome would have been different absent counsel's unprofessional errors.

While the Court stands by its decision, it concludes that other judges might agree with defendant and, accordingly, that defendant has met the standard for the issuance of a certificate of appealability.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").  If the Court did employ an inappropriate standard for the prejudice prong, it is also possible that its ultimate conclusion that trial counsel was not ineffective would be resolved differently.  Accordingly, the Court concludes that defendant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

As for defendant's request that the Court remove appointed counsel and appoint new counsel to pursue the appeal on defendant's behalf, this is a matter that Mr. McDade must address to the court of appeals.

For the reasons stated above, it is hereby

ORDERED that defendant's *pro se* motion for a certificate of appealability [380] is GRANTED; the motion for a certificate of appealability prepared by counsel [379] will be DENIED as moot; it is

FURTHER ORDERED that, the Court having found that a certificate of appealability is warranted, a certificate of appealability is issued with respect to two issues:

(1) Whether the district court properly assessed the prejudice prong with regard to petitioner's ineffective assistance of counsel claim under Strickland; and

(2) Whether trial counsel provided ineffective assistance in violation of defendant's Sixth Amendment rights; and it is

FURTHER ORDERED that the Clerk of this Court is directed to transmit a copy of this Memorandum Opinion and Order to the court of appeals.

SO ORDERED.

\_\_/s/_____
PAUL L. FRIEDMAN
DATE: April 21, 2010                              United States District Judge